UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH TANZI,
                        Plaintiff,

v.                                                   1:13-CV-1113
                                                    (GTS/RFT)
TOWN OF MARLBOROUGH; JENNIE GENT,
Marlborough Court Clerk, in her official
capacity and personally; JOHN DOE; and JANE
DOE (1-12),
                        Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF HERBERT J. TAN, LLC        HERBERT J. TAN, ESQ.
  Counsel for Plaintiff
1 Bridge Plaza North, Suite 275
Fort Lee, NJ 07024

McCABE & MACK, LLP                            DAVID L. POSNER, ESQ.
  Counsel for Defendants
P.O. Box 509
63 Washington Street
Poughkeepsie, NY 12602-0509

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this civil rights action filed by Joseph Tanzi ("Plaintiff") against the above-captioned municipality and 13 individuals ("Defendants"), are Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiff's cross-motion for leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (Dkt. Nos. 6, 11.) For the reasons set forth below, Defendants' motion is granted, Plaintiff's cross-motion is denied as moot, and this action is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges that, in early 2012, a clerk in the Town of Marlborough Justice Court refused to permit Plaintiff to file an action *pro se* in the court to evict a non-paying tenant, and instead required him to retain counsel to do so (causing him to expend thousands of dollars in legal fees and lose rental revenues). (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Based on these factual allegations, Plaintiff's Complaint asserts the following three claims against Defendants: (1) a claim that Defendants violated his right to "self-representation" under the Sixth Amendment to the United States Constitution, and an unspecified provision of the New York State Constitution; (2) a claim that Defendants violated his rights under the Fourteenth Amendment to the United States Constitution, and an unspecified provision of the New York State Constitution; and (3) a separate claim that Defendants violated his rights under the Fourteenth Amendment and an unspecified provision of the New York State Constitution. (*Id.*) Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### B. Parties' Briefing on Defendants' Motion to Dismiss

Generally, in support of their motion to dismiss, Defendants assert the following three arguments: (1) Plaintiff's claims under the Sixth and/or Fourteenth Amendments must be dismissed because there is no "right to counsel" in a civil eviction proceeding in state court; (2) Plaintiff's claims under the New York State Constitution must be dismissed because there is no "right to counsel" in a civil landlord/tenant action; and (3) in the alternative, Plaintiff's claims

under the New York State Constitution must be dismissed because they are barred by the applicable one-year-and-90-day limitations period established by New York General Municipal Law § 50-i. (Dkt. No. 6, Attach. 1 [Defs.' Memo. of Law].)

Generally, in his response, Plaintiff argues that, while he admittedly does not have a Sixth Amendment "right to counsel," he does have a "right of self-representation" under both the Sixth Amendment and 28 U.S.C. § 1654, and he has alleged facts plausibly suggesting a violation of that right. (Dkt. No. 10.)

Generally, in their reply, Defendants assert the following three arguments: (1) Plaintiff's claims under the New York State Constitution must be dismissed because he effectively "abandoned" those claims when he failed, in his opposition memorandum of law, to address Defendants' arguments in favor of their dismissal; (2) Plaintiff's Fourteenth Amendment claims must be dismissed because (a) he effectively "abandoned" those claims when he failed, in his opposition memorandum of law, to address Defendants' arguments in favor of their dismissal, and (b) in any event, there is no Fourteenth Amendment "right to counsel" in a civil eviction proceeding in state court; and (3) Plaintiff's Sixth Amendment claim must be dismissed because (a) there is no Sixth Amendment right to appear *pro se* in a civil action in state court, and (b) 28 U.S.C. § 1654 (which applies only to actions in federal court) does nothing to change that point of law. (Dkt. No. 12.)

### C. Parties' Briefing on Plaintiff's Cross-Motion to Amend

Generally, in support of his cross-motion for leave to file an Amended Complaint, Plaintiff argues that he should be granted leave to correct the pleading defects contained in his original Complaint by expressly asserting procedural and substantive due process claims under the Fourteenth and Fifth Amendments. (Dkt. No. 10.)

Generally, in their opposition to Plaintiff's cross-motion, Defendants argue that leave to amend should be denied because Plaintiff's proposed Amended Complaint asserts claims that are futile in that, *inter alia*, (1) they fail to allege facts suggesting any malicious or vindictive motive (as opposed to negligent oversight) on behalf of Defendant Gent, sufficient to render her liable under the United States Constitution, and (2) they allege that Plaintiff ultimately accessed the courts and obtained the remedy that he was seeking (and thus was provided a suitable post-deprivation remedy and did not suffer an actual injury). (Dkt. No. 12.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

5

to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (internal quotation marks and citations omitted).  However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

B. **Legal Standard Governing an Unopposed Motion**

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at * 1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug.7, 2009) (Suddaby, J.) (collecting cases).

C. **Legal Standards Governing Plaintiff's Claims**

"Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 [1979]). As a result, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (internal quotation marks omitted).

With regard to the nature of that federal right in this action, it is well settled that the due process clause of the Fourteenth Amendment protects an individual's right of access to the civil courts, *see, e.g.*, *Boddie v. Conn.*, 401 U.S. 371, 374-89 (1971), and that a deprivation of this

right is actionable under 42 U.S.C. § 1983, *see, e.g.*, *Abdul-Akbar v. Watson*, 901 F.2d 329, 332-35 (3d Cir. 1990). Generally, to state a claim for the denial of access to the courts, a plaintiff must allege facts plausibly suggesting that (1) the defendant acted deliberately and maliciously, and (2) the plaintiff suffered an actual injury. *See Graham v. City of Albany*, 08-CV-0892, 2009 WL 4263510, at *8 (N.D.N.Y. Nov. 23, 2009) (Treece, M.J.) (citing *Lewis v. Casey*, 518 U.S. 343, 353 [1996]).

A plaintiff can satisfy the second element only by alleging facts plausibly suggesting that the defendant's behavior "materially prejudiced a legal action he sought to pursue." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (Sotomayor, J.) (citing *Morello v. James*, 810 F.2d 344, 347 [2d Cir. 1987]). The actual-injury requirement is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. The plaintiff must have "effectively lost" or been "severely hampered" in filing a lawsuit. *See Ponterio v. Kaye*, 06-CV-6289, 2007 WL 141053, at *9 (S.D.N.Y. Jan. 22, 2007). Conduct that merely delays a plaintiff's ability to work on a pending cause of action or communicate with the courts does not amount to a violation of the right to access. *See Herrera v. Scully*, 815 F. Supp. 713, 725 (S.D.N.Y. 1993) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 [2d Cir. 1986]). Furthermore, emotional distress and humiliation are not "the type of actual injury that give rise to a constitutional claim of denial of access to the courts." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997). Moreover, a plaintiff does not suffer a constitutional deprivation of access to the courts if he has other available avenues to bring his grievances before the court. *Waters v. Sunshine*, 07-CV-4753, 2009 WL 750217, at *4 (E.D.N.Y. Mar. 19, 2009).

Generally, to state a procedural due process claim, a plaintiff must allege facts plausibly suggesting that (1) he was deprived of a protected property or a liberty interest, (2) by

governmental action, and (3) the deprivation occurred without adequate process. *Rosa R. v. Connelly*, 889 F.2d 435, 438 (2d Cir. 1989). "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures, and (b) claims based on random, unauthorized acts by state employees. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Where acts alleged are "random" and "unauthorized," a deprivation of property will "not constitute a violation of the procedural requirements of the Due Process Clause . . . until and unless [the government] . . . refuses to provide a suitable post-deprivation remedy." *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Generally, a municipality may be liable under 42 U.S.C. § 1983 only "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 [1978]). In the absence of such a custom or policy, a municipality may not be held liable under 42 U.S.C. § 1983 for the actions of its employees under a theory of vicarious liability. *See Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691). As a result, isolated acts of municipal employees are typically not sufficient to establish municipal liability. However, acts done "pursuant to municipal policy, or [that] were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware" would justify liability of the municipality. *Jones*, 691 F.3d at 81. Finally, "a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Id.*

## III. ANALYSIS

### A. Whether Plaintiff's Sixth Amendment Claim Must Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for each of the alternative reasons offered in Defendants' memoranda of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following analysis.

For the sake of brevity, the Court will set aside the question of whether Plaintiff has alleged facts plausibly suggesting that the plaintiff in the underlying landlord/tenant action was Plaintiff himself as opposed to a limited liability company owned by him. If the plaintiff in the underlying landlord-tenant action was a limited liability company, then it appears that representation by counsel was necessary. *See* N.Y. C.P.L.R. § 321(a) ("A party . . . may prosecute or defend a civil action in person or by attorney, *except that a corporation or voluntary association shall appear by attorney* . . . .") (emphasis added); *see, e.g., Carlo v. Yorro*, 761 N.Y.S.2d 766, 767-69 (N.Y. Dist. Ct., Nassau Cnty. 2002) (holding that, because landlord was limited liability company, it was required by N.Y. C.P.L.R. § 321[a] to appear in non-payment proceeding in state court by attorney).

The Court will also set aside the question of whether, even if the plaintiff in the underlying landlord/tenant action was Plaintiff himself, he has alleged facts plausibly suggesting Defendant Jent was acting with criminal recklessness (as opposed to ordinary negligence) such that she possessed the mental state necessary for her to be liable under 42 U.S.C. § 1983 and the United States Constitution. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331-35 (1986) (acknowledging that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting Section 1983 claim under Fourteenth Amendment based on alleged negligence); *Hudson v. Palmer*, 468 U.S. 517, 531 (1984) ("[T]he Due Process

Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . . It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable . . . . '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.' ") (citations omitted).

More important is the fact that Defendants are correct that *the Sixth Amendment* does not provide a "right of self-representation" in civil cases. *See Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1987) (stating "the right of self-representation" in civil cases is not protected by the United States Constitution); *accord, Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986); *Andrews v. Bechtel*, 780 F.2d 124, 137 (1st Cir. 1985). Rather, that right is provided by a *federal statute*, and applies only to actions in *federal court*. *See* 28 U.S.C. § 1654 ("In all courts *of the United States* the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") [emphasis added]; *see, e.g., Scott v. Wainwright*, 617 F.2d 99, 104 (5th Cir. 1980) ("The instant case involves denial of the right in a state court, and 28 U.S.C. s 1654 is hence not applicable."); *Snelling v. Haynes*, 10-CV-0925, 2011 WL 855671, at *4 (E.D. Mo. March 9, 2011) ("Section 1654 is inapplicable to Plaintiff's allegations because the allegations in Plaintiff's First Amended Complaint only involve proceedings before a state court.").

For all of these reasons, the Court dismisses Plaintiff's Sixth Amendment claim.

### B. Whether Plaintiff's Fourteenth Amendment Claims Must Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for each of the alternative reasons offered in Defendants' memoranda of law. *See, supra,* Part I.B. of this Decision and Order. The Court would add only the following four points.

First, the Court finds that, with regard to those arguments that Plaintiff failed to oppose, Defendants' burden has been lightened such that, in order to succeed on those arguments, Defendants need only show that the arguments possess facial merit. *See, supra,* Part II.B. of this Decision and Order.

Second, even if the Court were to proceed to a more detailed analysis of Plaintiff's Fourteenth Amendment claims, the Court would conclude that they must be dismissed. Plaintiff alleges multiple injuries that do not give rise to a constitutional claim of denial of access to the courts. *See Graham,* 2009 WL 4263510, at *8 (citing *Lewis*, 518 U.S. at 353) (finding that, to establish a denial-of-access-to-the-courts claim, the plaintiff must establish that he suffered an "actual injury"). For example, Plaintiff alleges that Defendants' actions caused him "humiliat[ion]." (Dkt. No. 1, at Counts Two and Three.) While humiliation might be a consequential damage for a 42 U.S.C. § 1983 claim, such an injury does not give rise to a constitutional cause of action. *Monsky*, 127 F.3d at 247. In addition, Plaintiff alleges that Defendants' actions resulted in a filing delay. (Dkt. No. 1, at ¶ 15, and Counts Two and Three.) However inconvenient a delay might be, conduct that "merely delays a plaintiff's ability to work on a pending cause of action or communicate with the courts does not amount to a violation of the right to access." *See Herrera*, 815 F. Supp. at 725 (citing *Jones v. Smith*, 784 F.2d at 151-52). As a result, the underlying financial loss that Plaintiff experienced as a result of the delay does not establish an "actual injury."

Similarly, Plaintiff fails to allege facts plausibly suggesting that forcing him to retain counsel prejudiced his landlord/tenant action. *See Smith*, 901 F. Supp. at 649 (citing *Morello*, 810 F.2d at 347 [stating a plaintiff must allege facts that the defendant's behavior materially prejudiced a legal action he sought to pursue]); *see also Ponterio*, 2007 WL 141053, at *9 (explaining that, to establish prejudice, a plaintiff must show that he "effectively lost" or was "severely hampered" in filing a lawsuit). Despite the hurdle allegedly erected by Defendants, Plaintiff successfully filed and pursued his landlord/tenant action. (Dkt. No. 1, at ¶ 14.) *See also Cancel v. City of New York*, 07-CV-4670, 2010 WL 8965889, at *5 (E.D.N.Y. Mar. 3, 2010) (dismissing plaintiff's denial of access to the court claim because plaintiff did access the court); *accord, Harrison v. Harlem Hosp.*, 05-CV-8271, 2007 WL 2822231, at *5 (E.D.N.Y. Sept. 28, 2007). Furthermore, Plaintiff nowhere alleges that Defendants' conduct negatively affected the outcome of the landlord/tenant action. *See Monsky*, 127 F.3d at 247 (dismissing plaintiff's denial of access to the court claim because plaintiff failed to allege defendant's behavior affected the outcome or otherwise "prejudice[d] . . . her pending state-court litigation").

Finally, even if this Court were to find that Plaintiff has alleged facts plausibly suggesting that he suffered an "actual injury," there appear to have been alternative remedies at Plaintiff's disposal, which would have enabled him to bring his claims before the landlord/tenant court. *See Waters*, 2009 WL 750217, at *4 (citing *Snyder v. Nolen*, 380 F.3d 279, 292-93 [7th Cir. 2004] [stating a plaintiff cannot establish a denial of access to the courts claim if he has other "available avenues" of relief]). For example, it appears that Plaintiff could have asked the judge with or for whom Defendant Gent worked to direct her to file the action. *Waters*, 2009 WL 750217, at *6. The Court notes that Plaintiff alleges that, rather than seeking such help before he retained an attorney to file the action, he did so *after* he retained such an attorney.

Specifically, Plaintiff alleges that, after he retained an attorney to file the action, he and another attorney, Richard Rozen, subsequently spoke to Town Justice Nicholas Pascale, who "corroborated" their position that Plaintiff should have been able to file the action *pro se*. (Dkt. No. 1, at ¶ 15.)

For all of these reasons, the Court dismisses Plaintiff's Fourteenth Amendment claims.

### C. Whether Plaintiff's Federal Claims Should Be Dismissed Against the Town and Defendants in Their Official Capacities on an Alternative Ground

As explained above in Part II.B. of this Decision and Order, generally, a municipality may be liable under 42 U.S.C. § 1983 only if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality.

Here, Plaintiff fails to allege the facts plausibly suggesting the existence of any custom, policy or usage as a basis for his 42 U.S.C. § 1983 claims. In fact, Plaintiff alleges that Defendant Gent was a rogue employee and that there was "no evidence of any state or local ordinance/statute which restricts an individual from representing himself." (Dkt. No. 10, at 7 [Plf.'s Opp'n Memo. of Law].) More specifically, Plaintiff alleges three separate instances over an unspecified period of time in which Defendant Gent, a municipal employee, prevented Plaintiff and an individual acting on his behalf from filing an action in landlord/tenant court.

Without more, these isolated instances fail to plausibly suggest a custom or policy necessary to confer municipal liability under 42 U.S.C. § 1983. *See Edwards v. City of New York*, 03-CV-9407, 2005 WL 3466009, at *11 (S.D.N.Y. Dec. 19, 2005) (stating that the *Monell* doctrine would be rendered "sterile" if conclusory allegations of a few isolated incidents of constitutional wrongdoing against a plaintiff were sufficient to hold the municipality liable); *see, e.g.*, *Escobar v. City of New York*, 766 F. Supp.2d 415, 421 (E.D.N.Y. 2011) (holding a "handful

of isolated incidents" to be insufficient to establish a custom or policy); *Montgomery v. City of New York*, 09-CV-06145, 2011 WL 1770849, at *3 (S.D.N.Y. May 9, 2011) (listing cases holding that two instances of unconstitutional conduct, some of which occurred in the same month, were insufficient to establish a custom or policy); *Chepliko*, 2012 WL 398700, at *15 (holding that five instances of unconstitutional conduct over the course of two years were insufficient to establish a custom or policy); *Jones*, 691 F.3d at 85 (indicating that four instances of unconstitutional conduct over the course of approximately two years "fell far short" of showing a custom or policy).

For all these reasons, in the alternative, the Court dismisses all causes of action against the Town and Defendants in their official capacities.

**D.     Whether Plaintiff Should Be Granted Leave to File an Amended Complaint**

As stated above in Part I.B. of this Decision and Order, Plaintiff has cross-moved for leave to file an Amended Complaint. (Dkt. No. 11.) Ordinarily, under the circumstances, the Court would deny such a motion as moot and permit the amended claims to proceed, because Plaintiff filed his cross-motion only 16 days after Defendants filed their motion to dismiss, and a plaintiff has a right to amend his complaint once as a matter of course within 21 days of the filing of a defendant's motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f) . . . .").

However, here, Plaintiff's "new" claims (asserting procedural and substantive due process violations under the Fourteenth and Fifth Amendments) are merely a clarification of his original claims (asserting, inter alia, two separate due process violations). (*Compare* Dkt. No. 1, at Counts "Two" and "Three" [Plf.'s Compl.] *with* Dkt. No. 11, Attach. 1, at Counts "Three" and

15

"Four" [Plf.'s Am. Compl.]; Dkt. No. 11, at ¶¶ 5-7 [Tan Decl.].)[1] While Plaintiff's original two due process claims did not use the words "procedural" and "substantive," the Court notes that those claims (which were filed *pro se*) must be construed as asserting all claims consistent with the factual allegations asserted therein, and Plaintiff has admitted that his Amended Complaint asserts "no additional facts." *Phillips v. Girdich*, 408 F.3d 124, 127-30 (2d Cir. 2005). (*See also* Dkt. No. 10, at 7 [Plf.'s Opp'n Memo. of Law].) Moreover, the Court notes that, because the factual allegations address the procedure of his filing and the loss of "thousands of additional dollars" (and do not include any allegation that he was intentionally treated differently from others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class), such procedural and substantive due process claims are entirely consistent with his factual allegations. Finally, the Court notes that Defendants have sought the dismissal Plaintiff's original two due process claims *in their entirety* on the ground that, not only were those two claims identical of each other, they suffer from the same defect that plagues his Sixth Amendment right-to-counsel claim. (Dkt. No. 6, Attach. 1, at 3-5 [attaching pages "1" through "3" of Defs.' Memo. of Law].)

Because Plaintiff's amendment does not correct that pleading defects identified in Plaintiff's original two due process claims, Defendants' challenge survives his amendment and requires the dismissal of Plaintiff's amended claims. The Court would add only the following analysis regarding Plaintiff's procedural due process claim.

---

[1] Although Plaintiff's counsel also characterizes his due process claim under the Fifth Amendment as consisting of a claim under the Takings Clause (*see* Dkt. No. 11, at ¶¶ 5-7), the Court has trouble discerning such a claim in the Amended Complaint. (*See, e.g.,* Dkt. No. 11, Attach. 1, at Counts "Three" and "Four" [Plf.'s Am. Compl.].) For example, the Amended Complaint fails to allege facts plausibly suggesting (1) the nature of the private property taken, and (2) the "public use" for which the private property was taken. *See Estrada v. Grannis*, 09-CV-1079, 2010 WL 5394750, at *1-2 (E.D. Cal. Dec. 22, 2010) (finding that plaintiff did not state a cognizable takings claim when he alleged his "boom box" was taken by prison guards).

Generally, a procedural due process violation may be based on (a) an established state procedure, and (b) a random, unauthorized acts of a state employee. *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 880. Here, Plaintiff has not alleged facts plausibly suggesting a procedural due process violation based on an established state procedure. Instead, Plaintiff attempts to base his procedural due process claim on the unauthorized acts of Defendant Gent. However, where acts are "random" and "unauthorized," a deprivation of property will "not constitute a violation of the procedural requirements of the Due Process Clause . . . until and unless [the government] . . . refuses to provide a suitable post-deprivation remedy." *See Hudson*, 468 U.S. at 533. Here, New York has provided at least one suitable post-deprivation remedy: under New York General Municipal Law § 50-i, a plaintiff may assert negligence and malfeasance claims against public officers. *See, e.g.*, *Snype v. New York City*, 04-CV-8268, 2006 WL 345861, at *4 (S.D.N.Y. Feb. 15, 2006). However, Plaintiff has alleged that, rather than pursue this remedy, he filed a 90-day notice of intent to sue. (Dkt. No. 1, at ¶ 7; Dkt. No. 11, Attach. 1, at ¶ 17.) As a result, his procedural due process claim is dismissed on this alternative ground.

For all these reasons, the Court also dismisses the new claims asserted in Plaintiff's Amended Complaint.

E.    **Whether Plaintiff's State-Law Claims Should Be Dismissed**

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1637(c)(3); *Hurley v. Cnty. of Yates*, 04-CV-6561, 2005 WL 2133603, at *3 (W.D.N.Y. Aug. 31, 2005), *accord, Middleton v. Falk*, 06-CV-1461, 2009 WL 666397, at *9 (N.D.N.Y. Mar. 10, 2009) (Suddaby, J. adopting Report-Recommendation of Homer, M.J.). The decision is a

17

discretionary one, and its justification "lies in considerations of judicial economy, convenience and fairness to litigants; if . . . not present a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Valencia ex. rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("In the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 [1988]).

Here, all of the factors to be considered weigh in favor of a decision to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. For these reasons, Plaintiff's state-law claims are dismissed without prejudice to refiling in New York State Court within the time period established by 28 U.S.C. § 1637(d).

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion to amend (Dkt. No. 11) is **DENIED as moot**; and it is further

**ORDERED** that this action is **DISMISSED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

Dated: June 23, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge